[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Procedurally, these matters have occupied the judicial civil calendar as follows.
The plaintiff, Inland Wetlands and Watercourses Agency of Middletown (Agency), by application dated January 13, 1998, sought a temporary injunction and an order to show cause against the defendant Brian C. Baker, (Baker). By writ, summons and complaint, also dated January 13, 1998, the Agency seeks a mandatory injunction and civil penalties against the defendant, Baker.
On February 9, 1998, the defendant, Anthony C. Fonda, (Fonda), filed a motion to be added as a party. Upon the grant of said motion, the Agency filed an amended complaint which added a third count to the original complaint and named Fonda as a party defendant.
On September 4, 1998, the defendant, Fonda, filed his answer to the Agency's complaint and a cross-complaint against the defendant, Baker.
On December 7, 1999, the defendant, Baker, filed his answer and special defenses to the defendant, Baker's cross-complaint.
On December 17, 1999, the defendant, Fonda, filed his reply to the defendant, Baker's special defenses to the cross-complaint.
On January 3, 2000, the defendant, Baker, filed his answer and special defenses to the Agency's amended complaint.
On February 23, 2000, the Agency filed its reply to Baker's special defenses.
The Agency's amended complaint dated March 18, 1998, sounds in three counts: Count One alleges that Baker is in violation of the Agency's regulations and seeks an injunction requiring the abatement of same; Count Two seeks civil penalties against Baker in the amount of $1,000.00 a day since June 24, 1997; Count Three seeks abatement of erosion on Fonda's property allegedly caused by a nuisance created by Baker.
On January 3, 2000, Baker filed his answer and special defenses to the CT Page 9160 Agency's amended complaint claiming in his answers to Counts One and Two that he has been granted a permit to perform remedial work. Baker did not respond to Count Three of the Agency's complaint, as it was directed to Fonda.
In Case No. CV98-0085220, by writ, summons and complaint dated March 24, 1998, the plaintiff, Anthony C. Fonda, (Fonda) initiated a six count complaint against the defendant Brian C. Baker. Counts One and Five allege that Baker created nuisances causing injury to Fonda, Count Two alleges that Baker was negligent and caused damage to Fonda's property, Counts Three and Four allege a trespass by Baker, Count Six alleges the malicious erection of a structure.
On August 31, 1998, Baker filed his answer, special defenses and cross-complaint. Count One of Baker's special defenses allege an act of God as causing Fonda's damages. Counts Two and Three claims the Counts One, Two, Three, Four and Five of Fonda's complaint are time barred by the applicable statutes of limitation.[1]
On May 26, 1999, Fonda filed his reply to Baker's special defenses.
On January 3, 2000, these actions were consolidated for trial.
After a full trial, the parties, all present and represented by counsel, the court, based upon the preponderance of the credible, relevant, reliable and legally admissible evidence and the logical, reasonable, rational and lawful inferences to be drawn therefrom, finds, determines and rules as follows:
In 1982, Baker purchased real estate in the City of Middletown located at 695 South Main Street. A small brook runs through the property. The brook contained a small dam which was of a size that excluded it from the registration and inspection provisions of Conn. Gen. Stat. § 22a-409.
In 1988, Baker submitted a detailed plan to the proper authorities of the City of Middletown, including the Agency, for improvements to his property. The plan called for an addition to the then existing building and also the erection of a pedestrian bridge from the portion of the property containing the building to a newly created auxiliary parking lot located on Baker's property on the other side of the stream. The authorities approved Baker's plan and the improvements were completed in 1989. Baker's property underwent no further improvements and he performed no additional work in any area regulated by the Agency until 1996.
On April 16, 1996, an unusually large rainstorm occurred in Middletown creating a flood of the magnitude describable as a "one hundred year CT Page 9161 flood." The level of the stream rose dramatically "causing extensive damage to Baker's property and to other property upstream and downstream from it. Portions of Highland Avenue, a road above Baker's property, were inundated and portions of the road were washed away. Baker and Fonda suffered extensive scouring of both banks of the brook where it abutted their property, there was damage to the footing of the pedestrian bridge and the dam was washed away.
From the testimony and the admissions evident in the pleadings, immediately after the storm, Baker sought and received permission from the plaintiffs agent, George Lapadula, the Zoning Enforcement Officer, to make repairs on his property. Mr. Lapadula gave Baker permission for the repair of the pedestrian bridge foundation and replacement of the rip-rap along the banks and stream bed to restore them to their pre-flood contours and prevent further erosion of the banks. The repairs were completed in the summer of 1996.
On November 8, 1996, Linda Bowers, the City of Middletown's Environmental Planner, sent a letter to Baker advising him that in the opinion of Thomas Nigosanti, the city's Chief Engineer, the repairs Baker had performed as of that time were "only adequate temporarily and not permanently." The letter further requested that Baker submit a plan that would "present a permanent solution to the situation."
Attached to the Bower letter was a copy of an October 4, 1996 memorandum from Mr. Nigosanti and Salvatore C. Fazzino stating the size of the rip-raps and the quantity of the rip-rap placed by Baker, in their opinion, did not "appear" to be sufficient and that further stabilization to the top 2-3 feet of the banks was necessary. The memorandum indicates that Fonda's property abutting the stream had not been stabilized. Although the memorandum is devoid of any facts to support their conclusions, neither Mr. Nigosanti or Mr. Fazzino were called as witnesses by the Agency or Fonda.
On June 24, 1997, William Warner, Director of the City of Middletown's Planning and Zoning Department, sent Baker a letter requesting that all work on the project be stopped.
After receiving the June 24 letter, Baker met with James Sipperly, the city's Environmental Planner, to determine what plan would satisfy the Agency. Sipperly indicated that he was not satisfied with just the rip-rap but required that Baker build a retaining wall of concrete on the south bank of the brook. The court notes, with interest, that there was no evidence presented that Fonda whose witness testified that the Fonda banks, because of their configuration, were more prone to be damaged than Baker's, was required to construct a concrete retaining wall. CT Page 9162
Baker engaged an engineer to prepare a plan of containment that would be satisfactory to Mr. Sipperly. Between October 1, 1997 and March 1998, Baker's engineer prepared three plans, each containing the concrete wall required by Mr. Sipperly. In each instant, the Agency found fault and asked for revisions in the plan. Finally on June 3, 1998, the Agency approved the fourth plan, dated May 14, 1998, which Baker submitted.[2]
Although the minutes of the June 3, 1998 meeting of the Agency indicate that the Agency imposed stipulations regarding the permitted work that included a bonding requirement, authorization for Sipperly to order additional erosion controls, and restrictions relating to the storage of fuel and chemicals at the site, there is no record of any time limit, either orally or written, that establishes a date for the completion of the permitted work.
The court expressly finds that the Agency and Baker did not specify a particular date for the completion of the permitted work. Therefore, pursuant to the parameters set forth in Conn. Gen. Stat. § 22-a-42a(d)(2), Baker has five years from June 3, 1998 to complete the work and meet the conditions set forth in the permit.
Accordingly, in Agency v. Baker, judgment should enter for Baker on Counts One and Two of the Agency's amended complaint.
Further, at trial, the Agency through counsel, indicated that it was seeking relief from Baker only. Fonda has filed a statement indicating that he was withdrawing his cross-claim against Baker.
The record should indicate that the Agency's third count of its amended complaint was not pressed and is hereby dismissed and Fonda's cross-claim at his request is withdrawn.
In Fonda v. Baker, the plaintiff seeks recovery, in nuisance, negligence and trespass.
Fonda's claims arise out of nuisance and are predicated on the premise that the cause of the damage to Fonda's property was the failure by Baker to maintain the dam and Baker's alleged rechanneling of the stream.
The court expressly finds that the rainstorm, responsible for the swollen stream, was of such magnitude in relation to configuration of the dam, banks and culverts that it qualified for designation as an extraordinary flood. An extraordinary flood is defined as a flood of such magnitude that it may be regarded as an act of God. 56 AM J1st. Wat. Sec. 91. A flood, the magnitude and destructiveness of which could not CT Page 9163 have been anticipated or provided against by the exercise of ordinary foresight. Schweiger v. Solbeck, 191 Or. 454, 230 P.2d 195, 29 ALR 2d 435.
Fonda alleges that Baker failed to maintain the dam and reconfigured his embankment in such a manner as to divert the flow of water with greater force against Fonda's stream banks.
However, there is no way to determine whether the dam failed from lack of maintenance or was overwhelmed by the massiveness of the flood. The same reasoning applies to the damage claimed by diversion of the flow to Fonda's stream banks. Baker's banks were also washed out. As with the dam failure, there is no way to determine with certainty that the damage to Fonda's banks was due to any act of Baker or was caused by the magnitude of the flood.
All parties suffered damage. There was damage above and below the parties' property. The highway was flooded and the culverts obstructed. To disregard the magnitude and destructiveness of the flood and attribute the damage solely to an alleged nuisance created by Baker and to Baker's alleged negligence is unreasonable under the fact and circumstances in this case.
Accordingly, judgment should enter for the defendant on Counts One and Two of the plaintiffs complaint.
Count Three of Fonda's complaint alleges that the defendant's conduct in diverting the waters of the brook so that it undermined and eroded the plaintiffs property constituted a trespass. The plaintiff has failed to establish that any action of the defendant rather than the magnitude of the flood caused the damage. "Floods resulting from a severe storm do not constitute a trespass." 75 AM. Jr. 2nd Trespass Sec. 57. Judgment should enter for the defendant on Count Three of the plaintiffs complaint.
Count Four of the plaintiffs complaint alleges that Baker's action in constructing and maintaining concrete stairs on Fonda's property constituted a trespass. In Count Five, Fonda contends that Baker's action in erecting and maintaining said concrete stairs on Fonda's property also constitutes a nuisance. In Count Six, Fonda alleges that Baker's conduct in erecting and maintaining the concrete steps constituted a malicious erection of a structure in violation of Conn. Gen. Stat. § 52-570.
Counts Four, Five and Six must fail because the concrete steps were erected and maintained by agreement with Fonda' predecessor in title and acquiesced in by Fonda when he allowed the steps to be continued in location and use by agreeing to same with the payment of rent by Baker. CT Page 9164 When Baker failed to pay rent, Fonda's remedy was to evict Baker from the use of the stairs for nonpayment of rent. Obviously, that portion of the stairs situated on Fonda's property being affixed to the real estate became his property after Fonda ceased paying rent. Fonda could do what he wished with the stairs located on his property.
Count Six of the plaintiffs complaint is absolutely without merit and is hereby dismissed. The plaintiff was not the owner of his land when the stairs were erected and therefore cannot and did not prove that Baker acted maliciously in erecting the structure with the intent to annoy or injure the plaintiff, Fonda.
In Case No. 84518, Agency v. Baker.
In summation, the court, having found that the defendant, Baker, immediately after the storm, with permission of the proper authority made emergency repairs to the banks of his property; and, when required by the Agency to make additional repairs, he applied for and was granted a permit on June 3, 1998 to do the necessary work; and, no completion date was indicated in the permit; the court concludes that Baker has the 5 years designated by the applicable statute to complete the work.
Therefore, judgment is entered for the defendant, Brian C. Baker, on counts One and Two of the plaintiff, Inland, Wetlands and Watercourses Agency of Middletown, with costs of suit.
Count Three of said complaint is dismissed.
In Case No. 85220, Fonda v. Baker.
Judgment is entered for the defendant, Brian C. Baker on Counts One, Two, Three, Four and Five of the plaintiff, Anthony C. Fonda's complaint, with costs of suit.
Count Six is dismissed.
In both cases, costs are assessed against the plaintiffs in favor of the defendant, Baker.
Daniel F. Spallone, JUDGE TRIAL REFEREE